UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 11-98-JBC

CARLOS JASON ADAMS, PLAINTIFF,

V.             MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

* * * * * * * * * * * *

This matter is before the court on cross-motions for summary judgment on Carlos Jason Adams's appeal of the Commissioner's second denial of his applications for Disability Insurance Benefits ("DIB"). The court will grant the Commissioner's motion (R. 16) and deny Adams's motion (R. 11) because substantial evidence supports the administrative decision.

At the date of his initial application for DIB, Adams was a 35-year-old man with an eighth-grade education and past relevant work as a sawmill operator. AR 50, 1002, 1004. He alleged disability beginning August 25, 2003, due to low back pain related to a lifting injury. AR 88, 435, 983. He filed his initial DIB claim on March 24, 2005. AR 50-52. After initial and reconsideration denials, and a hearing on March 19, 2007, AR 434-48, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that Adams was not disabled. AR 19-27. The Appeals Council declined to review, AR 8-12, and Adams filed an appeal in U.S. District Court. On November 12, 2008, this court remanded the case for further

1

consideration of Adams's residual functional capacity ("RFC"). *Adams v. Com'r of Social Security*, Civil Action No. 7:08-23-GWU (E.D. Ky. Nov. 12, 2008). Adams had filed a new DIB application on May 9, 2007, AR 550-52, which ALJ Reynolds consolidated with the 2005 application. Under the traditional five-step analysis, see *Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found that during the period from his alleged onset date of August 25, 2003, through his Date Last Insured of December 31, 2008, Adams had "severe" impairments consisting of neck and low back pain due to degenerative disc disease of the cervical, thoracic, and lumbar spines with mild disc bulges at L5/S1, estimated borderline intellectual functioning, polysubstance abuse allegedly in remission, a major depressive disorder, and a generalized anxiety disorder, AR 474; that his impairments or combination of impairments did not meet or equal any of the Commissioner's Listings of Impairments, AR 475; that he had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), restricted by additional non-exertional limitations, AR 476-77; and that based on the answer of a Vocational Expert ("VE") in response to a hypothetical question incorporating the RFC, a significant number of jobs existed in the national economy that he could perform. AR 480. The ALJ thus denied his claims for DIB on June 12, 2009. AR 481. The Appeals Council denied Adams's request for review on April 29, 2011, R 455-58, and this action followed.

Adams challenges the ALJ's ruling on the following grounds: (1) the ALJ erred in determining his RFC; (2) the ALJ erred in failing to give controlling weight

to one of his treating physicians, Dr. Sai P. Gutti; (3) the ALJ failed to give full consideration to the findings of an examining psychologist, Michele Amburgey; and (4) the ALJ erred in adopting unsupported VE testimony concerning the effect of Adams's limitations on standing.

The ALJ properly determined Adams's RFC.  The ALJ limited Adams to lifting 20 pounds occasionally and 10 pounds frequently but with no more than two hours each of standing and walking in an eight-hour day and a need to alternate sitting and standing at one-hour intervals, as well as many other restrictions  AR 476-67, 1003-04.  Adams asserts that the RFC was formulated without regard for opinions given by Dr. Gutti in May 2007 and April 2009.  This argument intersects with his second issue, that the ALJ failed to adhere to the "treating physician rule" by giving controlling weight to Dr. Gutti's opinions.  20 C.F.R. § 404.1527(d)(2).  Adams cites opinions by Dr. Gutti in May 2007, AR 492-94, 721-23, 942-44, and April 2009, AR 521-23, 973-75, which limit him to less than a full range of sedentary work, thus making them inconsistent with the ALJ's RFC.  However, the ALJ specifically relied on a September 2004 opinion by Dr. Gutti, cited in the prior court decision, which allowed him to return to work on light duty with no bending or stooping.  AR 364.  Dr. Gutti gave no reasons for the variations in his opinion of Adams's functional capacity, nor is the reason for the differences obvious from his office notes, which reflect essentially the same findings repeatedly.  AR 361, 408, 756-61.  Where a treating physician has issued more than one opinion, with no clear basis for doing so, there is no mandate that the ALJ accept the most

3

restrictive assessment. *See Stanley v. Sec'y of Health & Human Services*, 39 F.3d 115, 118 (6th Cir. 1994). In addition, Dr. Gutti's April 2009 opinion is of doubtful materiality since it was given after the expiration of Adams's insured status on December 31, 2008.

The mental factors in the ALJ's RFC mirror the opinions given by state agency psychological reviewers Jan Jacobson, Ph.D., and Edward Stodola, Ph.D. AR 743-45, 914-16. Michele Amburgey, a certified clinical psychologist who had conducted an examination of Adams in July 2007, administered testing which showed a full scale IQ score of 56 and felt that Adams expressed himself in a very childlike manner with some difficulty comprehending and following through with instructions. AR 726-28. Amburgey diagnosed a major depressive disorder, a generalized anxiety disorder, dementia, and mild mental retardation. AR 728. The ALJ rejected Amburgey's conclusions that Adams would not be "agreeable" with supervisors and coworkers, complete tasks, sustain concentration, persistence, and pace, or adapt well to change, because they were inconsistent with conclusions of previous consultative examiners. AR 479. He cited the reports of Eric Johnson, who had determined in 2004 that Adams had a full scale IQ of 79, AR 176, and John W. Ludgate, who found only a moderate level of restriction by a Global Assessment of Functioning score of 55. AR 701. Jacobson, the state agency reviewer, stated that Adams's presentation at Amburgey's examination was not credible in view of his reported IQ score of 56, in contrast to his previous score of 79. AR 745. The ALJ noted that Amburgey had not performed any testing for

4

malingering. AR 479. Jacobson reviewed Adams's mental health treatment records from Kentucky River Comprehensive Care Center ("KRCCC") and opined that they did not indicate the presence of marked limitations. AR 745. No treating source ever indicated the presence of specific functional restrictions, and the opinions of one-time examiners are not entitled to the deference due to treating sources. *Atterberry v. Sec'y of Health & Human Services*, 871 F.2d 567, 572 (6th Cir. 1989). Social Security Ruling 96-6p states that "[i]n appropriate circumstances, opinions from state agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of . . . examining sources." *See Rogers v. Com'r of Social Security*, 486 F.3d 234, 245 n. 4 (6th Cir. 2007). In the present case, Jacobson was able to review all three consultative psychological examinations, as well as treatment notes from the KRCCC counseling. The ALJ's determination that Adams's mental limitations were consistent with the assessments of the state agency reviewers is supported by substantial evidence.

Finally, Adams does not cite any authority for his argument that it was error to accept the VE's testimony that he could perform light-level jobs with a standing and walking limitation of two hours per day. He asserts that the ALJ should not have accepted the VE's testimony because it conflicted with *The Dictionary of Occupational Titles* ("DOT"). An ALJ is not required to defer to the DOT, and may accept the contrary testimony of a VE. *Conn v. Sec'y of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995). The ALJ specifically asked the VE

5

about conflicts with the DOT, and the VE responded that his answer was based on his experience. AR 1007. This satisfies his responsibilities under the applicable regulations and Social Security Ruling 00-4p. *Lindsley v. Comm'r of Social Security*, 560 F.3d 601, 606 (6th Cir. 2009).

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Adams's motion for summary judgment (R. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (R. 16) is **GRANTED.**

The court will enter a separate judgment.

Signed on July 13, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY